UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ANDREW L. TINSLEY                                                                                          PLAINTIFF

v.                                                                    CIVIL ACTION NO. 5:22-cv-115-BJB

DETECTIVE T. FOX                                                                                        DEFENDANT

## MEMORANDUM OPINION

*Pro se* Plaintiff Andrew L. Tinsley, an inmate at the Christian County Jail, brought this lawsuit in Caldwell Circuit Court against City of Princeton Police Officers Brian Ward, Trent Fox, Logan Payne, and Ryan Thacker (DN 1-1). Defendants removed the lawsuit to this Court. *See* DN 1, 1-2.

Because Plaintiff is a prisoner suing government officials, this matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1] For the following reasons, the Court dismisses Plaintiff's claims.

## I. STATEMENT OF CLAIMS

Plaintiff sues four police officers alleging that his rights under the Fourth Amendment of the U.S. Constitution and Section 10 of the Kentucky Constitution were violated by Defendants during and immediately after a "knock and talk investigation" at a residence on July 20, 2020. DN 1-1. Plaintiff states that, after the officers talked to a resident of the house, he came to the door and was asked if he had a weapon. *Id.* at 1. When Plaintiff responded, "y'all know [I'm]

---

[1] The screening requirement applies even though Plaintiff originally filed his lawsuit in state court. *See Duff v. Yount*, 51 F. App'x 520, 521 (6th Cir. 2002) (affirming district court's dismissal after screening removed prisoner action under § 1915A); *see also Avery v. Wooten*, No. 2:20-CV-357, 2020 WL 2085190, at *2 (S.D. Ohio Apr. 30, 2020) ("The requirements of § 1915A are applicable in the removal context."), *report and recommendation adopted*, No. 2:20-CV-357, 2020 WL 2735132 (S.D. Ohio May 26, 2020); *Davis v. Goss*, No. 6:09-257-DCR, 2010 WL 1872871, at *2 (E.D. Ky. May 10, 2010) ("Screening of *pro se* prisoner cases is appropriate under the statutory framework, whether a case is initiated in state or federal court.").

not allowed to carry guns," the officer began to enter the house even though, Plaintiff asserts, he did not consent to the entry or the investigation. *Id*. at 1-2. The officer then arrested him because he "poss[ibly]" was trespassing. *Id*. at 2. At that point, Plaintiff was detained while officers performed a protective sweep. *Id*. Then, Plaintiff alleges, "Officer [Payne] let me go and stated after search at the home there was independent conclusion I was trespass[ing]." *Id*. Plaintiff states that he was released after "this illegal arrest and search at residen[ce]" and uncuffed. *Id*. at 2-3.

As the officer left, however, Plaintiff "slammed the door" and then "Payne committed a criminal act by kick[ing] the door back open." *Id*. at 3. Plaintiff states that he "called 9-11 and reported what was going on." *Id*. According to Plaintiff, during his phone call to "9-11," officers walked around the home, looking in the windows and shed. Plaintiff states that he then opened the door so that "they could see in." *Id*. At this time, Defendant Fox entered the home, arrested Plaintiff, and placed him in the back of his car. *Id*. Plaintiff alleges that Defendant Ward sent Defendants Payne and Thatcher in the house to search it without a warrant from 7:45 p.m. to 8:45 p.m. and then, at 9:45 p.m., they "got a[n] invalid warrant." *Id*. Plaintiff asserts that the officers forged the judge's name on the warrant and that they should be removed from the force for this act of "malicious prosecution." *Id*.

In their answer, Defendants raise the statute of limitations among a number of other affirmative defenses (DN 1-3, p. 4).

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a reviewing court liberally construes *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

#### A. Federal constitutional claim

The Complaint alleges that government officials violated his Fourth Amendment rights, which apply against the States through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Plaintiff, however, cannot sue Defendants directly under the Constitution. Section 1983 "provides the exclusive remedy for constitutional violations for rights protected by the Fourteenth Amendment where Congress has not otherwise provided a cause of action." *Smith v. Kentucky*, 36 F.4th 671, 675 (6th Cir.), *cert. denied*, 143 S. Ct. 213 (2022) (quotations and citations omitted). *See also Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations." (citing *Thomas v. Shipka*, 818 F.2d 496, 503 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989))). The Court will construe Plaintiff's Fourth Amendment claims as asserted under § 1983. *See, e.g., Durmov v. Univ. of Kentucky*, No. CIV. 5:12-258, 2013 WL 488976, at *2 (E.D. Ky. Feb. 7, 2013) ("The Court will construe the Plaintiff's Fourth Amendment claim . . . to be asserted under 42 U.S.C. § 1983. This is because plaintiffs may not assert a direct constitutional claim against

state or local officials.  Instead, constitutional claims against these officials must be brought under § 1983.").

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  It accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint.  *Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 F. App'x 830, 833-34 (6th Cir. 2016) ("[T]he statute-of-limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.") (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)); *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, Plaintiff's claim accrued at the time of the search and seizure on July 20, 2020, which is when he alleges that the officers entered the house without his consent, detained him while they performed a protective sweep, kicked the door back open after they left, detained him in the back of the police car, searched the house without a warrant, and then, an hour later, produced a forged warrant.  It is clear from the Complaint that Plaintiff was present and aware of these actions on that date.  Plaintiff did not file his complaint in state court until June 20, 2022,

4

nearly two years after the alleged events took place. Plaintiff's claims are therefore barred by the statute of limitations, and the Court dismisses the federal constitutional claims for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. at 215 ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

### B. State constitutional claim

Plaintiff also claims that Defendants violated Section 10 of the Kentucky Constitution.

Section 10 is the state analog of the Fourth Amendment of the United States Constitution, protecting individual citizens against unreasonable searches and seizures by the state. *See* KY CONST. § 10. Kentucky law is clear that the Commonwealth's Constitution provides no direct private right of action for damages based on violations of state constitutional law. *See Shepherd v. Univ. of Ky.*, No. 5:16-005-KKC, 2016 WL 4059559, at *3 (E.D. Ky. July 28, 2016) ("Kentucky does not recognize a private right of action for alleged violations of the state Constitution."); *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 537 (Ky. 2011) (declining to recognize a new cause of action for money damages based on state constitutional violations). Nor may § 1983 be used as a statutory vehicle to vindicate state constitutional claims. *See Tallman v. Elizabeth Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004). Accordingly, Plaintiff's claims under the Kentucky Constitution fail as a matter of law, and the Court dismisses these claims with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this lawsuit.

Date: January 4, 2023

cc: Plaintiff, *pro se*
Counsel of record
B213.009

Benjamin Beaton, District Judge
United States District Court